19 Stanton St. LLC v 19 Stanton Realty LLC (2021 NY Slip Op 06533)





19 Stanton St. LLC v 19 Stanton Realty LLC


2021 NY Slip Op 06533


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 653272/18 Appeal No. 14693 Case No. 2020-03726 

[*1]19 Stanton Street LLC, Plaintiff-Appellant,
v
19 Stanton Realty LLC, Defendant-Respondent.


Woods Oviatt Gilman LLP, Rochester (John Nutter of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about June 4, 2020, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The motion court correctly determined that under the merger doctrine, section 30.3 of the parties' agreement, which provided for attorneys' fees, did not survive the real estate closing, because, unlike other clauses of the agreement, section 30.3 did not state that it would survive the closing and transfer of the deed (see TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 85 [1st Dept 2015]). The court also properly determined that the attorneys' fees provision was not collateral to the real estate transaction, as any attorneys' fees awarded in the action would have arisen during disputes related to the agreement, and attorneys' fees expended in enforcing a contract do not reflect an independent obligation (see e.g. Novelty Crystal Corp. v PSA Institutional Partners, L.P., 49 AD3d 113, 118 [2d Dept 2008]). Furthermore, as defendant asserts, these are sophisticated parties represented by counsel, and plaintiff's failure to raise its entitlement to attorneys' fees in the context of the prior action, in the specific circumstances at bar, violates the prohibition against the splitting of causes of action (see O'Connell v 1205-15 First Ave. Assoc., LLC, 28 AD3d 233, 234 [1st Dept 2006]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021